STATE OF MARYLAND to the Use of Mary Jane MEYER, and State of Maryland to the use of Vance Lewman Brady, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 1236–59, 1237–59.

United States District Court District of Columbia.

April 20, 1964.

Richard W. Galiher, Washington, D. C., for plaintiffs.

Alice K. Helm, Dept. of Justice, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The plaintiffs recovered judgment in a wrongful death action brought against the United States under the Federal Tort Claims Act. In view of the fact that the accident resulting in the death of the deceased took place in Maryland, the action is governed by the Maryland wrongful death statute. A judgment was rendered awarding certain sums of money to the widow and to the children of the deceased. Each of the amounts awarded amounts to less than $100,000. The aggregate amount of all the damages awarded is considerably in excess of $100,000. The plaintiffs move that interest be added to the judgment at the rate of four per cent per annum from the date of the judgment.

The Federal Tort Claims Act, 28 U.S.C. § 2411(b), provides that on all final judgments rendered against the United States under the Federal Tort Claims Act interest shall be computed at the rate of four per cent per annum from the date of the judgment up to but not exceeding 30 days after the approval of any appropriation act providing for payment of the judgment. Under this provision of law interest is clearly payable on these judgments.

The Government, however, in opposition to the motion relies on an exception to that statute contained in 31 U.S.C. § 724a. This provision was a part of an appropriation act rather than permanent legislation, but it is understood that it has been carried in the appropriation acts from year to year. It appropriates a lump sum of money for the payment of judgments against the United States not in excess of $100,000 and further provides that whenever a judgment of a District Court is payable from this appropriation interest should be paid thereon only from the date of the filing of the transcript thereof in the General Accounting Office to the date of the mandate of affirmance. In this instance such a transcript has not been filed and therefore it is claimed by the Government that no interest is payable on the judgment.

The question resolves itself into this: was the judgment involved in this case for less or more than $100,000. If it was for more than that amount, interest is payable; if it was for less, then interest is not payable. As stated before, while each of the beneficiaries, that is, the wife and the children, received less than $100,000, the sum total awarded by the judgment is in excess of that amount.

The nature of the action must be determined under the law of Maryland. The Annotated Code of Maryland, Article 67, Section 4, relates to actions for

wrongful death. It provides, first, that every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused, or if there be no such person or persons entitled, then any person related to the deceased by blood or marriage who as a matter of fact was wholly dependent upon the person whose death shall have been so caused. The statute then goes on to provide that every such action shall be brought by and in the name of the State of Maryland for the use of the person or persons entitled to damages. It also provides that not more than one action shall lie for and in respect of the same subject matter of complaint. It also requires that damages shall be allocated respectively to the parties for whom and for whose benefit the action is brought.

It also follows, therefore, that only one action lies for the wrongful death of any person under the Maryland statute. That action is brought in the name of the State of Maryland. To be sure, it is brought for the benefit of dependents, but there is a single action and a single judgment, although the judgment directs payment of specific sums to the various dependents. Actually what the Court does first is to determine the total amount of damages to be awarded and then apportions that amount among the dependents. That was the process followed by the Court in this action.

It was also the process followed by Judge Thomsen of the United States District Court for the District of Maryland in another wrongful death case, State of Maryland v. Thomas, 173 F.Supp. 568. Thus, Judge Thomsen in his conclusion states that in the cause of action for the death of Mary S. Gaegler the damages are $37,000, which should be apportioned $20,000 to the surviving husband and $17,000 to the surviving son.

■ While the question is not free from doubt, nevertheless, the Court is of the opinion that the final judgment in this case must be deemed to be in excess of $100,000, and therefore the limitation on interest contained in 31 U.S.C. § 724a is not applicable.

Accordingly, the plaintiffs' motion for the assessment of interest at four per cent from the date of the judgment is granted.

You may submit an appropriate order.